802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLYDE RICHARDSON, JR., Petitioner-Appellant
v.
HERMAN C. DAVIS, WARDEN, Respondent-Appellee.
 No. 85-6133.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1986.
 
 BEFORE: MARTIN and JONES, Circuit Judges; and COHN, District Court Judge*
 PER CURIAM.
 
 
 1
 Defendant Clyde Richardson appeals the district court's denial of his habeas corpus petition. He was convicted in the state court of Tennessee for assault to commit murder in the first degree and burglary in the second degree. In the petition, he only challenged the assault to commit murder conviction on grounds that there was insufficient evidence to support the verdict. The district court adopted the magistrate's report and recommendation denying the petition. We affirm.
 
 
 2
 Richardson was convicted of the assault to commit murder charge for the shooting of his girlfriend Shirley Cole. On April 8, 1981, he broke into Cole's home brandishing a shotgun. Cole testified that when she went to bed she heard glass breaking. As she went to investigate, she saw Richardson running down the hallway with the shotgun. She ran into the bedroom, locked the door and hid in the closet. Richardson kicked down the bedroom door, went to the closet and shot her in the knee and again in the arms. At this point she grabbed the shotgun barrel and he shot her again in the hand.
 
 
 3
 Richardson's statement concerning the events was introduced through the testimony of an investigating officer. According to the statement, Richardson claims he only shot twice. He told the officer that he spoke to Cole before shooting into the closet. He said she was "balled up in the corner" "in a lot of clothes" and that he could not see her very well because it was dark. He then shot once into the closet and told her to come out. When she did not come out, he shot into the closet a second time. He also stated that at that moment he was not sure whether "she was dead or not."
 
 
 4
 Richardson argues that there was insufficient evidence to support the conviction because the state failed to prove the necessary elements of intent to commit murder in the first degree. Under Tennessee law, a defendant may be found guilty of assault to commit murder in the first degree only if "the assault was of such a character and made under such circumstances, that had death ensued the defendant would have been guilty of murder in the first degree." Phillips v. State, 455 S.W.2d 637. 641 (1970). The elements of first degree murder are defined in T.C.A. Sec. 39-2-202(a):
 
 
 5
 Every murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or the unlawful throwing, placing or discharging of a destructive device or bomb, is murder in the first degree.
 
 
 6
 Richardson premises his insufficiency of the evidence argument on the assertion that he actually fired two shots instead of three. He argues that the evidence shows this because he had to reload the shotgun between shots. Without commenting on the relevance of this argument at this point, the record shows that the state appellate court made a factual finding concerning the number of shots fired. It adopted Cole's testimony and found that there were, in fact, three shots fired. Under 28 U.S.C. Sec. 2254(d), those findings are entitled to a presumption of correctness unless one of the exceptions listed in that section is found. Sumner v. Mata, 455 U.S. 591 (1982). Richardson appears to be arguing that Sec. 2254(a) was violated - "the material facts were not adequately developed at the State court hearing." A review of the record reveals that this argument is without merit. The only facts he refers to are that he had to reload between each shot and that the rapid sequence of events establishes that only two shots were fired. The record indicates that these facts were developed at trial. Moreover, the transcript and the state appellate opinion states that Cole was shot three times and suffered three distinct wounds. This is sufficient to support the finding that three shots were actually fired. Therefore, a presumption of correctness attaches to those findings.
 
 
 7
 Although the district court noted that the petition could be denied on the basis of the state court's factual findings, it believed that the decision to deny the petition should not rest on the question whether two or three shots were fired. Richardson argued that the nature of the wounds supported his assertion that he did not intend to murder Cole. But the shots were fired at arms length, randomly and into the darkness. The district court found that from these facts alone a jury could rationally conclude beyond a reasonable doubt that Richardson intended to kill Cole. We agree with the district court. Under Tennessee law, the element of first degree murder can be inferred from repeated shots. State v. Garland, 617 S.W. 2d 176, 181 (1981). Richardson admits that he shot more than once, randomly, and into the dark closet. Based on these facts, the district court was correct in denying the petition.
 
 
 8
 The judgment of the district court denying the petition for habeas corpus is therefore AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation